**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

FEB 18 2009

MOLLY C. DWYER, CLERK OF COURT
U.S. COURT OF APPEALS

| | |
|---|---|
| LABORERS INTERNATIONAL UNION OF NORTH AMERICA, National Industrial Pension Fund, derivatively on behalf of nominal defendant Computer Sciences Copration; LIUNA, Staff and Affiliates Pension Fund; DANIEL HUFFMAN,<br><br>　　　　　Plaintiffs - Appellants,<br><br>　v.<br><br>IRVING W. BAILEY, II; DAVID J. BARRAM; STEPHEN L. BAUM EDWARD P. BOYKIN; RODNEY F. CHASE; PAUL M. COFONI; MILTON E. COOPER; VAN B. HONEYCUTT; MICHAEL W. LAPHEN; LEON J. LEVEL THOMAS R. MADISON; THOMAS R. MADISON; F. WARREN MCFARLAN THOMAS H. PATRICK; PAUL T. TUCKER; HAYWARD D. FISK; JAMES R. MELLOR; WILLIAM R. HOOVER; WILLIAM P. RUTLEDGE and Nominal defendant Computer Sciences corporation; THOMAS A. MCDONNELL; RONALD W. MACKINTOSH,<br><br>　　　　　Defendants - Appellees. | No. 07-56461<br>D.C. No. CV-06-05288-MRP<br>Central District of California, Los Angeles<br><br>**MANDATE**<br><br>RECEIVED<br>CLERK, U.S. DISTRICT COURT<br>FEB 1 8 2009<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY　　　　　　DEPUTY |

The judgment of this Court, entered 1/23/09, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court


By: Gabriela Van Allen
Deputy Clerk

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 23 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LABORERS INTERNATIONAL UNION OF NORTH AMERICA, National Industrial Pension Fund, derivatively on behalf of nominal defendant Computer Sciences Corporation; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> IRVING W. BAILEY, II; et al., <br><br> Defendants - Appellees. | No. 07-56461 <br><br> D.C. No. CV-06-05288-MRP <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Mariana R. Pfaelzer, District Judge, Presiding

Argued and Submitted December 9, 2008
Pasadena, California

Before: FARRIS and WARDLAW, Circuit Judges, and SCHWARZER,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Laborers' International Union of North America National Industrial Fund, LIUNA Staff and Affiliate Pension Fund, and Daniel Huffman (collectively, "Appellants") appeal from the district court's dismissal of their claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 23.1(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review for abuse of discretion the district court's finding that it would not have been futile for Appellants to make demand on Computer Sciences Corporation's directors. *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 983 (9th Cir. 1999).[1] We also review for abuse of discretion the district court's denial of the Appellants' motion to compel the production of documents. *See Kulas v. Flores*, 255 F.3d 780, 783 (9th Cir. 2001).

The district court did not abuse its discretion in dismissing the Appellants' amended complaint with prejudice. We agree with the district court that *Rales v. Blasband*, 634 A.2d 927 (Del. 1993), governs Appellants' claims of demand

---

[1] Appellants identify problems with the standard of review set forth in *In re Silicon Graphics*. We find Appellants' arguments persuasive, especially in light of the Delaware Supreme Court's rejection of the abuse of discretion standard in favor of de novo review. *See Brehm v. Eisner*, 746 A.2d 244, 253–54 (Del. 2000) (en banc); *see also Scalisi v. Fund Asset Mgmt., L.P.*, 380 F.3d 133, 137 & n.6 (2d Cir. 2004) (disapproving of the abuse of discretion standard). Because we would reach the same conclusion under either standard, however, we do not decide this issue.

futility. Appellants failed to plead with sufficient particularity that the option grants were approved by or reasonably attributable to a majority of the board members. They also failed to allege that they owned stock at all times relevant to the transactions in question, as required by Federal Rule of Civil Procedure 23.1.

Applying the *Rales* test, the district court correctly concluded that the amended complaint lacks particularized allegations raising a reasonable doubt that, as of the time the original complaint was filed, a majority of CSC's board "could have properly exercised its independent and disinterested business judgment in responding to a demand." *Rales*, 634 A.2d at 934; *see Ryan v. Gifford*, 918 A.2d 341, 355 (Del. Ch. 2007). Appellants did not satisfy their heavy burden of overcoming the presumption of board independence. *See In re Silicon Graphics*, 183 F.3d at 990. We are not persuaded by Appellants' argument that they "could not possibly have pleaded" more particularized facts related to the role of each board member in the allegedly improper stock option practices. Like other shareholders, they had "the tools at hand to develop the necessary facts for pleading purposes," *Brehm*, 746 A.2d at 266 (internal quotation marks omitted); *see Rales*, 634 A.2d at 934 n.10, such as the minutes of board and committee meetings.

3

Nor did the district court abuse its discretion in denying Appellants' motion to compel the production of documents pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Appellants' arguments as to why the PSLRA does not apply to its derivative suit are not persuasive. *See SG Cowen Sec. Corp. v. U.S. Dist. Court*, 189 F.3d 909, 913 n.1 (9th Cir. 1999) ("Congress' attempt to address [concerns of discovery abuse] would be rendered meaningless if securities plaintiffs could circumvent the stay simply by asserting pendent state law claims in federal court in conjunction with their federal law claims." (alteration in original) (internal quotation marks omitted)). Appellants also failed to demonstrate that lifting the stay of discovery was necessary "to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B); *see Scattered Corp. v. Chi. Stock Exch., Inc.*, 701 A.2d 70, 77 (Del. 1997), *overruled on other grounds by Brehm*, 746 A.2d at 254.

**AFFIRMED.**

**United States Court of Appeals for the Ninth Circuit**
**Office of the Clerk**
95 Seventh Street, San Francisco, California 94103

**General Information**
**Judgment and Post-Judgment Proceedings**

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the file stamp date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1, 2)**
- The mandate will issue seven (7) calendar days after the expiration of the time for filing a petition for rehearing or seven (7) calendar days from the denial of a petition for rehearing, unless the court directs otherwise. If a stay of mandate is sought, an original and four (4) copies of the motion must be filed. The mandate is sent only to the district court or agency, we do not provide a copy to the parties.

**Publication of Unpublished Disposition (9th Cir. R. 40-2)**
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency, or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to 4)**

**(1)   A.   Purpose (Panel Rehearing):**
- A petition for panel rehearing should only be made to direct the Court's attention to one or more of the following situations:
  - ▸ A material point of fact or law overlooked in the decision;
  - ▸ A change in the law which occurred after the case was submitted and which appears to have been overlooked by the panel;
  - ▸ An apparent conflict with another decision of the court which was not addressed in the opinion.
- Petitions which merely reargue the case should not be filed.

**B.     Purpose (Rehearing En Banc)**
- Parties should seek en banc rehearing only if one or more of the following grounds exist:
    - Consideration by the full court is necessary to secure or maintain uniformity of its decisions; or
    - The proceeding involves a question of exceptional importance; or
    - The opinion directly conflicts with an existing opinion by another court of appeals and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)    Deadlines for Filing:**
- A petition for rehearing may be filed within fourteen (14) days from entry of judgment. Fed. R. App. P. 40 (1)
- If the United States or an agency or officer thereof is a party in a civil appeal, the time for filing a petition for rehearing is 45 days from entry of judgment. Fed. R. App. P. 40 (1)
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- *See 9th Cir. R. 40-2* (motion to publish unpublished disposition)

**(3)    Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4)    Form & Number of Copies**
- The format is governed by 9th Cir. R. 40-1 and Fed. R. App. P. 32(c)(2).
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If an unrepresented litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.
- The petition or answer must be accompanied by a certificate of compliance found at Form 11.

- If a petition for panel rehearing does not include a petition for rehearing en banc, the movant shall file an original and 3 copies.
- If the petition for panel rehearing includes a petition for rehearing en banc, the movant shall file an original and 50 copies.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**

- The bill of costs must be filed within 14 days after entry of judgment.
- See attached form for additional information.

**Attorney's Fees**

- Circuit Rule 39-1 describes the content and due dates for attorney fee applications.
- Any relevant forms are available on our website www.ca9.uscourts.gov or by telephoning 415 355-7806.

**Petition for Writ of Certiorari**

- Please refer to the Rules of the United States Supreme Court at www.supremecourtus.gov

**Counsel Listing in Published Opinions**

- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please notify **in writing within 10 days**:
    - West Publishing Company; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Kathy Blesener, Senior Editor), and
    - Clerk, U.S. Court of Appeals; PO Box 193939; San Francisco, CA 94119-3939 (Attn: Opinions Clerk).

**Form 10.  Bill of Costs** .................................................................... *(Rev. 1-1-05)*

United States Court of Appeals for the Ninth Circuit

**BILL OF COSTS**

**Note:**  If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with Circuit Rule 39-1.  A late bill of costs must be accompanied by a motion showing good cause.  Please refer to FRAP 39, 28 U.S.C. § 1920, and Circuit Rule 39-1 when preparing your bill of costs.

_____ v. _____     CA No. _____

The Clerk is requested to tax the following costs against:_____

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, Circuit Rule 39-1 | REQUESTED Each Column Must Be Completed | | | | ALLOWED To Be Completed by the Clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs.* | Pages per Doc. | Cost per Page ** | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page | TOTAL COST |
| Excerpt of Record | | | | | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | | | | | | | | |
| Appellant's Reply Brief | | | | | | | | |
| Other | | | | | | | | |
| | | | TOTAL | $ | | | TOTAL | $ |

**Form 10. Bill of Costs - *Continued***

**Other:**   Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys fees **cannot** be requested on this form.

\* If more than 7 excerpts or 20 briefs are requested, a statement explaining the excess number must be submitted.

\*\* Costs per page may not exceed .10 or actual cost, whichever is less. Circuit Rule 39-1.

---

I, _____, swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature: _____
Date: _____

Name of Counsel (printed or typed): _____
Attorney for: _____

---

Date: _____   Costs are taxed in the amount of $_____

Clerk of Court
By: _____, Deputy Clerk